## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION, CANTON

```
-------------------------------------------------------x
In re:                                    :   Case No. 16-6 0607
                                          :
THOUGHTWIRE MEDIA, LLC[1]                 :   Chapter 11
                                          :
                                          :   Judge Russ Kendig
                                          :
            Debtor and                    :
            Debtor-in-Possession.         :
                                          :
(Employer Tax I.D. No. 27-3153003)        :
-------------------------------------------------------x
```

## DEBTOR'S MOTION FOR AN ORDER APPROVING
## BIDDING PROCEDURES REGARDING DEBTOR'S PROPOSED SALE OF
## SUBSTANTIALLY ALL OF ITS ASSETS FREE
## AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND
## THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
## <u>CONTRACTS AND UNEXPIRED LEASES</u>

The above captioned debtor and debtor in possession (the "Debtor"), hereby submits this

Motion seeking an order establishing certain bidding procedures (the "Bidding Procedures") in

connection with the Debtor's Motion for an Order Authorizing (i) the Sale of Substantially All of

---

[1] The Debtor also used the following business names: VPS6; Thoughtwire Hosting; Thoughtwire Marketing; Thoughtwire Mobile; and Websites.

Its Assets Free and Clear of Liens, Claims, Encumbrances, and Interests and (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (the "Sale Motion").

In support of this Motion, the Debtor represents as follows:

## I.     BACKGROUND

1.     On March 25, 2016 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is continuing in possession of its property and is operating and managing its business, as debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.     Venue of the Debtor's chapter 11 case is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.     In the Sale Motion, the Debtor seeks the Court's authority to sell substantially all of its assets free and clear of liens, claims, encumbrances, and interests, and to assume and assign certain executory contracts and unexpired leases at an auction to a potential purchaser.

## II.     BIDDING PROCEDURES

4.     The Debtor recognizes that the sale of substantially all of its assets is, from the Debtor's creditors' perspective, one of the most important events in the Debtor's case.  To that end, the Debtor seeks this Court's approval of the following Bidding Procedures to sell its assets and to assume and assign certain executor contracts and unexpired leases.

5.     To maximize the prospect of competitive bidding and obtain the highest value for the assets to be sold and contracts and leases to be assumed at auction (the "Assets"), the Debtor requests this Court's approval of a bidding process by which interested bidders may submit to the Debtor a written offer to purchase the assets free and clear of liens, claims, encumbrances,

58967

-2-

and interests, and to assume and assign certain executory contracts and unexpired leases at an auction to a potential purchaser that contains all of the bid components required by the Bidding Procedures set forth below. To provide adequate notice to interested parties of the opportunity to submit a qualified bid for the Assets, the Debtor seeks approval of the proposed notice (the "Sale Notice") attached hereto as Exhibit A. The Sale Notice sets forth the Assets proposed to be sold and also contains the Bidding Procedures proposed herein to be used by any bidder, including the current proposed purchaser, Directory Concepts Inc., to submit a bid to purchase the Assets. Further the Sale Notice shall contain the sale date and time of the auction, once scheduled, as well as, all relevant hearing and objection dates with regard to the Sale Motion. Thus, when taken together with service of the Sale Notice via first class U.S. mail upon all parties in the Debtor's case, the Sale Notice complies with the requirements of sections 102, 363(b), 363(f), and 365(f) of the Bankruptcy Code, Rules 2002, 6004, and 6006 of the Bankruptcy Rules, and all local rules.

6. The Debtor believes that adherence to the Bidding Procedures set forth below by the bidders is in the best interests of all parties in interest. An orderly process for the receipt of bids enables the Debtor to maximize the prospect of obtaining the highest and best value for the Assets for the benefit of the Debtor's estate. Accordingly, the Debtor requests that the Court approve the following bidding procedures (the "Bidding Procedures") in connection with the sale of the Assets:

a. Only pre-qualified bidders (a "Qualified Bidder(s)") may bid and submit a competitive bid to purchase sale assets at the Auction Sale, which shall be conducted at the offices of Anthony J. DeGirolamo, Esq., 3930 Fulton Drive NW, Suite 100B, Canton, Ohio 44718, commencing at 10:00 a.m. (EDT) on April __, 2016. To be a Qualified Bidder, a bidder must comply with all of the following procedures in paragraphs (a) through (k) below and on or before 5:00 p.m. (EDT) April __, 2016:

58967

      i.   submit to Anthony J. DeGirolamo, Esq., 3930 Fulton Drive NW, Suite 100B, Canton, Ohio 44718, an original written offer to purchase the Assets together with the form of Asset Purchase Agreement (the "Competing Offer") to be provided by the Debtor to all interested bidders, duly executed by the bidder and with copies of the same to Jay Wagner, Esq., Wagner Law Firm, P.O. Box 576, Galion, Ohio 44833  Any bidder may obtain a copy of the Competing Offer by request therefore to the Debtor or to Anthony J. DeGirolamo.

      ii.   submit to the Debtor a cashier's check in the amount of $35,000 (the "Deposit") which cashier's check shall be made payable to the Debtor and delivered with the original of such Competing Offer. Except for the Deposit of the offeror whose offer is approved by the Court, all Deposit checks will be returned upon the entry of an order of the Court approving the sale of the Assets (the "Sale Order").  The winning offeror must deposit an additional 5% ("Winning Deposit") with the Debtor within 24 hours of entry of the Sale Order.  The deposits of the winning bidder, including the initial Deposit and the Winning Deposit, shall be deposited into an interest-bearing escrow account pending closing of the sale transaction; and

     iii.   provide evidence satisfactory to the Debtor of its financial ability to consummate its acquisition of the subject Assets under and upon the terms and conditions of the Competing Offer.

b.   A Competing Offer must include, if appropriate, copies of any proposed ancillary agreements to be entered into between the Qualified Bidder and the Debtor.

c.   In the event one or more Qualified Bids acceptable to the Debtor are submitted, the Debtor shall conduct an Auction Sale on April 22, 2016.  The Auction Sale shall take place by open bidding and will be presided over by the Debtor pursuant to the Bidding Procedures.  Bidding at the Auction Sale shall be limited to those persons or entities who constitute a Qualified Bidder. Commencing with the highest purchase price value submitted by one or more Qualified Bidder(s) as determined by the Debtor, if received the first bid must equal or exceed the highest purchase price value by at least 5%, with every bid thereafter to increase in increments of at least $20,000.

d.   Upon completion of the Auction Sale, the Debtor shall present the winning Competing Offer to the Court at a hearing to be held on April 28, 2016.

58967

-4-

e.  A Competing Offer must provide that it is subject to no further due diligence.

f.  A Competing Offer may not be subject to any financing contingency.

g.  A Competing Offer must state that the offeror is prepared to consummate the transaction within two days of the effective date of the Sale Order, it being understood that the Debtor may request that the Court order that the temporary stay otherwise imposed by Rule 6004(g) of the Federal Rules of Bankruptcy Procedure be lifted with respect to the Sale Order.

h.  Unless the offeror has previously executed a confidentiality agreement with the Debtor a Competing Offer must be accompanied by an executed confidentiality agreement with the Debtor, the form of which is available from the Debtor.

i.  A Competing Offer must state that the offeror expressly consents to the jurisdiction of the U.S. Bankruptcy Court, Northern District of Ohio, Eastern Division, and that all disputes concerning the sale of the assets shall be resolved by that Court.

j.  Any secured party wishing to exercise its rights under 11 U.S.C. § 363(k) to credit bid its claim must file a notice of its intent to credit bid, and serve such notice so as to be received by the Debtor's counsel, no later than noon, April __, 2016 [5 days before the auction].  These procedures shall neither constitute a legal determination regarding the extent of a secured party's right to credit bid under section 363(k) nor preclude the Court from determining that cause exists for entry of an order barring credit bids.  Such determinations may be made at any time prior to or contemporaneous with entry of the Sale Order.  Notwithstanding the foregoing, any secured party shall not be precluded from submitting a collective credit bid in which substantially all secured parties participate.  Any secured party that files a notice of intent to credit bid is obligated to comply with these bidding procedures, other than paragraphs a, c, d, e, f, g, h, i, and k.

k.  In the event a sale of the assets to the party making the highest and best offer does not close, the Debtor may proceed to sell the Assets to the bidder whose offer was determined to be the second highest and best offer.

l.  The Debtor may establish such other rules of bidding as may be necessary at the Auction before any bidding commences, subject to Court approval.

7.  The Debtor believes that the Bidding Procedures are fair and reasonable.  They are also necessary to enable the Debtor to make an informed, reasoned decision as to which of

58967

the Competing Offers (if any) is the highest and best offer and maximizes the value to be received by the Debtor from the sale of its assets.

8. Pursuant to section 105 and 363(b) and (f) of the Bankruptcy Code, the Debtor requests the Court enter an order approving (i) the Bidding Procedures and (ii) the form of the Sale Notice, which include the Bidding Procedures, substantially in the form of Exhibit A, attached hereto, and thereupon set the date and time of the Sale Hearing.

9. All entities, creditors, and parties in interest who are listed on the Debtor's matrix, shall receive, via first class U.S. mail, a copy of the Sale Notice. Thus, all parties in interest shall receive adequate notice of the Auction Sale.

## Service of This Motion

10. Service of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known via first class U.S. mail service on: (a) The United States Trustee; (b) counsel to the Debtor's prepetition secured lenders; (c) the District Director of Internal Revenue; and (d) all parties who have filed a notice of appearance in this case.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

58967

WHEREFORE, Debtor requests that the Court enter an order in the form attached hereto as Exhibit B approving (a) the Bidding Procedures, and (b) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
3930 Fulton Drive NW, Suite 100B
Canton, Ohio 44718
Telephone: 330-305-9700
Facsimile: 330-305-9713
E-mail: ajdlaw@sbcglobal.net

PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION

58967

-7-

**EXHIBIT A**

{297722:4}

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION, CANTON

---------------------------------------------------------x
In re:                                      :    Case No. 16-6 0607
                                            :
THOUGHTWIRE MEDIA, LLC[1]                   :    Chapter 11
                                            :
                                            :    Judge Russ Kendig
                                            :
            Debtor and                      :
            Debtor-in-Possession.           :
                                            :
(Employer Tax I.D. No. 27-3153003)          :
---------------------------------------------------------x

**NOTICE OF (I) DEBTOR'S PROPOSED SALE OF SUBSTANTIALLY ALL OF ITS ASSETS AND ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO AND (II) OPPORTUNITY TO BID TO PURCHASE THE DEBTOR'S ASSETS PURSUANT TO COMPETITIVE BIDDING PROCEDURES**

TO ALL PARTIES IN INTEREST AND PROSPECTIVE BIDDERS:

PLEASE TAKE NOTICE THAT the above captioned debtor and debtor in possession (the "Debtor") has filed its Motion for Order Authorizing (I) the Sale of Substantially All of Its Assets, Free and Clear of Liens, Claims, Encumbrances, and Interests and (II) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (the "Sale Motion") pursuant to 11 U.S.C. §§ 363(b) and (f) and 365 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the Bankruptcy Code").

### ASSETS TO BE SOLD

The Debtor proposes to sell all, or substantially all, of its assets at the following location:  1669 Lexington Avenue, Suite B, Mansfield, Ohio 44907, all of which, taken together, constitute all of the Debtor's assets including but not limited to equipment and accounts receivable (the "Sale Assets").  The Debtor further proposes to assume and assign certain executory contracts and unexpired leases (the "Assumed Contracts") associated with the Sale Assets.  The Assumed Contracts to be assumed and assigned to the winning bidder pursuant to its winning bid shall be identified by the Debtor prior to the Sale Hearing (as defined below).

### SALE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

Pursuant to sections 363(b) and (f) of the Bankruptcy Code, and subject to any orders entered by this Court with regard to bidding procedures, the Debtor will seek authority to sell all of its right, title, and interest

---

1  The Debtor also used the following business names:  VPS6; Thoughtwire Hosting; Thoughtwire Marketing; Thoughtwire Mobile; and Websites.

in the Sale Assets to the Qualified Bidder (as defined below) submitting the highest and best Qualified Bid (as defined below) in accordance with the Bidding Procedures (as defined below), free and clear of any liens, claims, encumbrances, and other interests, with all liens, claims, encumbrances, and interests to attach to the proceeds of such sale.

**AUCTION, BIDDING PROCEDURES, AND SALE HEARING**

**The Auction**

In the event the Debtor receives more than one Qualified Bid, the Debtor shall conduct an auction (the "Auction") for all of the Sale Assets. The Auction shall take place on April 22, 2016, commencing at 10:00 a.m., at the offices of Anthony J. DeGirolamo, Esq., 3930 Fulton Drive NW, Suite 100B, Canton, Ohio 44718. Only parties submitting Qualified Bids (a "Qualified Bidder") shall be permitted to participate in the Auction.

**The Bidding Procedures**

To become a qualified bid (a "Qualified Bid"), a bid must comply with the following requirements (the "Bidding Procedures"):

a.  A Qualified Bid must:

    i.  be submitted, on or before 3:00 p.m. (EDT) April 18, 2016, to Anthony J. DeGirolamo, Esq., 3930 Fulton Drive NW, Suite 100B, Canton. Ohio 44718,, facsimile number (330) 305-9713, in the form of a written offer to purchase all or part of the Sale Assets together with the form of Asset Purchase Agreement to be provided by the Debtor to all interested bidders, with copies of the same to Jay Wagner, Esq., Wagner Law Firm, P.O. Box 576, Galion, Ohio 44833, duly executed by the bidder. Any bidder may obtain a copy of the Competing Offer by request therefore to the Debtor or to Anthony J. DeGirolamo;

    ii.  include a cashier's check in the amount of $10,000 (the "Deposit"), which cashier's check shall be made payable to the Debtor and delivered with the original of such bid. Except for the Deposit of the bidder whose bid is ultimately approved by the Court, and the Deposit of the bidder making the second highest and best bid, all Deposit checks will be returned upon the entry of an order of the Court approving the sale of all or less than all of the Sale Assets contained in the bid (the "Sale Order"). The winning bidder must deposit an additional 5% ("Winning Deposit") with the Debtor within 24 hours of entry of the Sale Order. The deposits of the winning bidder, including the initial Deposit and the Winning Deposit, shall be deposited into an interest-bearing escrow account pending closing of the sale transaction; the Deposit of the bidder making the second highest and best offer shall be held for ten business days in an interest bearing account and such bidder shall be bound by the terms of its offer for such ten business days; and

    iii.  include evidence satisfactory to the Debtor of the bidder's financial ability to consummate its acquisition of any of the Sale Assets.

b.  A Qualified Bid must include, if appropriate, copies of any proposed ancillary agreements to be entered into between the Qualified Bidder and the Debtor or any person or entity affiliated with any of the Debtor.

58969

2

c. In the event one or more Qualified Bids acceptable to the Debtor are submitted, the Debtor shall conduct the Auction. The Auction shall take place by open bidding and will be presided over by the Debtor pursuant to the Bidding Procedures. Bidding at the Auction Sale shall be limited to those persons or entities who constitute Qualified Bidders. Commencing with the highest and best Qualified Bid submitted by one or more Qualified Bidder(s) as determined by the Debtor, and after consultation with the Lender, the first competing bid must equal or exceed the highest purchase price value by at least 5%, with every bid thereafter to increase in increments of at least $20,000.

d. Upon completion of the Auction, the Debtor shall present the winning Qualified Bid(s) to the Court at the Sale Hearing.

e. A Qualified Bid must provide that it is subject to no further due diligence.

f. A Qualified Bid may not be subject to any financing contingency.

g. A Qualified Bid must state that the offeror is prepared to consummate the transaction within two business days of the date of the Sale Order, it being understood that the Debtor will request that the Court order that the temporary stay otherwise imposed by Rule 6004(g) of the Federal Rules of Bankruptcy Procedure be lifted with respect to the Sale Order.

h. Unless the offeror has previously executed a confidentiality agreement with the Debtor, a Qualified Bid must be accompanied by an executed confidentiality agreement with the Debtor, the form of which is available from Debtor's counsel.

i. A Qualified Bid must state that the offeror expressly consents to the jurisdiction of the U.S. Bankruptcy Court, Northern District of Ohio, Eastern Division, and that all disputes concerning the sale of the Sale Assets shall be resolved by that Court.

j. Any secured party wishing to exercise its rights under 11 U.S.C. § 363(k) to credit bid its claim must file a notice of its intent to credit bid, and serve such notice so as to be received by the Debtor's counsel, no later than 3:00 p.m. (EDT), April 18, 2016. These procedures shall neither constitute a legal determination regarding the extent of a secured party's right to credit bid under section 363(k) nor preclude the Court from determining that cause exists for entry of an order barring credit bids. Such determinations may be made at any time prior to or contemporaneous with entry of the Sale Order. Notwithstanding the foregoing, any secured party shall not be precluded from submitting a collective credit bid in which substantially all secured parties participate. Any secured party that files a notice of intent to credit bid is obligated to comply with these bidding procedures, other than paragraphs a, c, d, e, f, g, h, i, and k.

k. In the event a sale of all or part of the Sale Assets to the Qualified Bidder(s) making the highest and best offer does not close, it shall forfeit its Deposits, and the Debtor may proceed to sell all or part of the Sale Assets to the Qualified Bidder(s) whose offer was determined to be the second highest and best offer.

l. The Debtor may establish such other rules of bidding as may be necessary for the Auction process itself and to facilitate efficient bidding at the Auction, before any bidding commences.

58969

### THE SALE HEARING

The Court will hold a hearing (the "Sale Hearing") on the Sale Motion on April 28, 2016, at 2:00 p.m. before the Honorable Russ Kendig, in the United States Bankruptcy Court, 401 McKinley Avenue SW, Canton, Ohio 44702. At the Sale Hearing, the Debtor shall seek approval of the proposed sale of the Sale Assets.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Sale Motion must be filed with the Court and served upon the following so as to be received within ten days of the date of this Notice.

**Anthony J. DeGirolamo, Esq.**
**3930 Fulton Drive NW, Suite 100B**
**Canton, Ohio 44718**
**Facsimile No. (330) 305-9713**

**Office of the United States Trustee**
**Howard Metzenbaum Courthouse**
**201 Superior Avenue E, Suite 441**
**Cleveland, Ohio 44114-2301**
**Facsimile No. (216) 522-7193**

**Jay Wagner, Esq.,**
**Wagner Law Firm,**
**P.O. Box 576,**
**Galion, Ohio 44833**
**Facsimile No. (216) 462-5058**

If no objection is filed and served in the manner described above, the Court may grant the relief requested in the Sale Motion without further notice or hearing.

Dated: March __, 2016

Respectfully submitted,

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
3930 Fulton Drive NW, Suite 100B
Canton, Ohio 44718
Telephone: (330) 305-9700
Facsimile: (330) 305-9713
E-mail: ajdlaw@sbcglobal.net

PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION

58969

4

**EXHIBIT B**

{297722:4}

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION, CANTON**

---------------------------------------------------------x
In re:                                                    :    Case No. 16-6 0 6 0 7
                                                          :
THOUGHTWIRE MEDIA, LLC[1]                                 :    Chapter 11
                                                          :
                                                          :    Judge Russ Kendig
                                                          :
                        Debtor and                        :
                        Debtor-in-Possession.             :
                                                          :
(Employer Tax I.D. No. 27-3153003)                        :
---------------------------------------------------------x

### ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER APPROVING BIDDING PROCEDURES REGARDING DEBTOR'S PROPOSED SALE OF SUBSTANTIALLY ALL OF ITS ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY <u>CONTRACTS AND UNEXPIRED LEASES</u>

This matter coming before the Court on the Debtor's Motion for an Order Approving

Bidding Procedures Regarding Debtor's Proposed Sale of Substantially All of its Assets Free and

---

[1] The Debtor also used the following business names: VPS6; Thoughtwire Hosting; Thoughtwire Marketing; Thoughtwire Mobile; and Websites.

Clear of Liens, Claims, Encumbrances, and Interests and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases  Docket No. __ filed by the above-captioned debtor and debtor in possession (the "Debtor"); the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 157; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of the Debtor's chapter 11 case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules; (d) notice of the Motion was sufficient under the circumstances; and (e) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1.     The Motion shall be, and hereby is, GRANTED.

2.     Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

3.     Sales of the Debtor's property authorized by separate order of the Court shall be made pursuant to the following procedures:

[INSERT BID PROCEDURES]

4.     The rights, if any, of the Debtor's creditors to bid at the auction of any property pursuant to section 363(k) shall not be impaired by the entry of this Order and the entry of an order approving the Debtor's motion for approval of the sale of its property.

5.     The form of notice attached hereto as Exhibit A is approved in all respects sufficient notice pursuant to section 363 of the Bankruptcy Code and Rule 6004 of the Federal Rule of Bankruptcy Procedures.

125319

**IT IS SO ORDERED.**


# # #

PREPARED BY:

Anthony J. DeGirolamo (0059265)
Selena E. DeGirolamo (0092050)
3930 Fulton Dr., Ste. 100B
Canton, Ohio  44718
Telephone:  (330) 305-9700
Facsimile:  (330) 305-9713
E-mail:  ajdlaw@sbcglobal.net
       sedlaw@sbcglobal.net
PROPOSED COUNSEL FOR THE
DEBTOR AND DEBTOR IN POSSESSION

3

125319

**EXHIBIT A**

4

125319

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION, CANTON

---------------------------------------------------------x

In re:                                            : Case No. 16-6 0 6 0 7
                                                  :
THOUGHTWIRE MEDIA, LLC[1]                         : Chapter 11
                                                  :
                                                  : Judge Russ Kendig
                                                  :
            Debtor and                            :
            Debtor-in-Possession.                 :
                                                  :
(Employer Tax I.D. No. 27-3153003)                :
---------------------------------------------------------x

**NOTICE OF (I) DEBTOR'S PROPOSED SALE OF SUBSTANTIALLY ALL OF ITS ASSETS AND
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES RELATED THERETO AND (II) OPPORTUNITY TO BID TO PURCHASE THE
DEBTOR'S ASSETS PURSUANT TO COMPETITIVE BIDDING PROCEDURES**

TO ALL PARTIES IN INTEREST AND PROSPECTIVE BIDDERS:

PLEASE TAKE NOTICE THAT the above captioned debtor and debtor in possession (the "Debtor")
has filed its Motion for Order Authorizing (I) the Sale of Substantially All of Its Assets, Free and Clear of
Liens, Claims, Encumbrances, and Interests and (II) the Assumption and Assignment of Certain Executory
Contracts and Unexpired Leases (the "Sale Motion") pursuant to 11 U.S.C. §§ 363(b) and (f) and 365 of the
Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the Bankruptcy Code").

### ASSETS TO BE SOLD

The Debtor proposes to sell all, or substantially all, of its assets at the following location:  1669 Lexington
Avenue, Suite B, Mansfield, Ohio 44907, all of which, taken together, constitute all of the Debtor's assets
including but not limited to equipment and accounts receivable (the "Sale Assets").  The Debtor further
proposes to assume and assign certain executory contracts and unexpired leases (the "Assumed Contracts")
associated with the Sale Assets.  The Assumed Contracts to be assumed and assigned to the winning bidder
pursuant to its winning bid shall be identified by the Debtor prior to the Sale Hearing (as defined below).

### SALE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

Pursuant to sections 363(b) and (f) of the Bankruptcy Code, and subject to any orders entered by this
Court with regard to bidding procedures, the Debtor will seek authority to sell all of its right, title, and interest

---

1 The Debtor also used the following business names:  VPS6; Thoughtwire Hosting; Thoughtwire Marketing; Thoughtwire
Mobile; and Websites.

in the Sale Assets to the Qualified Bidder (as defined below) submitting the highest and best Qualified Bid (as defined below) in accordance with the Bidding Procedures (as defined below), free and clear of any liens, claims, encumbrances, and other interests, with all liens, claims, encumbrances, and interests to attach to the proceeds of such sale.

AUCTION, BIDDING PROCEDURES, AND SALE HEARING

### The Auction

In the event the Debtor receives more than one Qualified Bid, the Debtor shall conduct an auction (the "Auction") for all of the Sale Assets. The Auction shall take place on April 22, 2016, commencing at 10:00 a.m., at the offices of Anthony J. DeGirolamo, Esq., 3930 Fulton Drive NW, Suite 100B, Canton, Ohio 44718. Only parties submitting Qualified Bids (a "Qualified Bidder") shall be permitted to participate in the Auction.

### The Bidding Procedures

To become a qualified bid (a "Qualified Bid"), a bid must comply with the following requirements (the "Bidding Procedures"):

a. A Qualified Bid must:

    i. be submitted, on or before 3:00 p.m. (EDT) April 18, 2016, to Anthony J. DeGirolamo, Esq., 3930 Fulton Drive NW, Suite 100B, Canton. Ohio 44718,, facsimile number (330) 305-9713, in the form of a written offer to purchase all or part of the Sale Assets together with the form of Asset Purchase Agreement to be provided by the Debtor to all interested bidders, with copies of the same to Jay Wagner, Esq., Wagner Law Firm, P.O. Box 576, Galion, Ohio 44833, duly executed by the bidder. Any bidder may obtain a copy of the Competing Offer by request therefore to the Debtor or to Anthony J. DeGirolamo;

    ii. include a cashier's check in the amount of $10,000 (the "Deposit"), which cashier's check shall be made payable to the Debtor and delivered with the original of such bid. Except for the Deposit of the bidder whose bid is ultimately approved by the Court, and the Deposit of the bidder making the second highest and best bid, all Deposit checks will be returned upon the entry of an order of the Court approving the sale of all or less than all of the Sale Assets contained in the bid (the "Sale Order"). The winning bidder must deposit an additional 5% ("Winning Deposit") with the Debtor within 24 hours of entry of the Sale Order. The deposits of the winning bidder, including the initial Deposit and the Winning Deposit, shall be deposited into an interest-bearing escrow account pending closing of the sale transaction; the Deposit of the bidder making the second highest and best offer shall be held for ten business days in an interest bearing account and such bidder shall be bound by the terms of its offer for such ten business days; and

    iii. include evidence satisfactory to the Debtor of the bidder's financial ability to consummate its acquisition of any of the Sale Assets.

b. A Qualified Bid must include, if appropriate, copies of any proposed ancillary agreements to be entered into between the Qualified Bidder and the Debtor or any person or entity affiliated with any of the Debtor.

58969

c.   In the event one or more Qualified Bids acceptable to the Debtor are submitted, the Debtor shall conduct the Auction.  The Auction shall take place by open bidding and will be presided over by the Debtor pursuant to the Bidding Procedures.  Bidding at the Auction Sale shall be limited to those persons or entities who constitute Qualified Bidders.  Commencing with the highest and best Qualified Bid submitted by one or more Qualified Bidder(s) as determined by the Debtor, and after consultation with the Lender, the first competing bid must equal or exceed the highest purchase price value by at least 5%, with every bid thereafter to increase in increments of at least $20,000.

d.   Upon completion of the Auction, the Debtor shall present the winning Qualified Bid(s) to the Court at the Sale Hearing.

e.   A Qualified Bid must provide that it is subject to no further due diligence.

f.   A Qualified Bid may not be subject to any financing contingency.

g.   A Qualified Bid must state that the offeror is prepared to consummate the transaction within two business days of the date of the Sale Order, it being understood that the Debtor will request that the Court order that the temporary stay otherwise imposed by Rule 6004(g) of the Federal Rules of Bankruptcy Procedure be lifted with respect to the Sale Order.

h.   Unless the offeror has previously executed a confidentiality agreement with the Debtor, a Qualified Bid must be accompanied by an executed confidentiality agreement with the Debtor, the form of which is available from Debtor's counsel.

i.   A Qualified Bid must state that the offeror expressly consents to the jurisdiction of the U.S. Bankruptcy Court, Northern District of Ohio, Eastern Division, and that all disputes concerning the sale of the Sale Assets shall be resolved by that Court.

j.   Any secured party wishing to exercise its rights under 11 U.S.C. § 363(k) to credit bid its claim must file a notice of its intent to credit bid, and serve such notice so as to be received by the Debtor's counsel, no later than 3:00 p.m. (EDT), April 18, 2016.  These procedures shall neither constitute a legal determination regarding the extent of a secured party's right to credit bid under section 363(k) nor preclude the Court from determining that cause exists for entry of an order barring credit bids.  Such determinations may be made at any time prior to or contemporaneous with entry of the Sale Order.  Notwithstanding the foregoing, any secured party shall not be precluded from submitting a collective credit bid in which substantially all secured parties participate.  Any secured party that files a notice of intent to credit bid is obligated to comply with these bidding procedures, other than paragraphs a, c, d, e, f, g, h, i, and k.

k.   In the event a sale of all or part of the Sale Assets to the Qualified Bidder(s) making the highest and best offer does not close, it shall forfeit its Deposits, and the Debtor may proceed to sell all or part of the Sale Assets to the Qualified Bidder(s) whose offer was determined to be the second highest and best offer.

l.   The Debtor may establish such other rules of bidding as may be necessary for the Auction process itself and to facilitate efficient bidding at the Auction, before any bidding commences.

**THE SALE HEARING**

The Court will hold a hearing (the "Sale Hearing") on the Sale Motion on April 28, 2016, at 2:00 p.m. before the Honorable Russ Kendig, in the United States Bankruptcy Court, 401 McKinley Avenue SW, Canton, Ohio 44702. At the Sale Hearing, the Debtor shall seek approval of the proposed sale of the Sale Assets.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Sale Motion must be filed with the Court and served upon the following so as to be received within ten days of the date of this Notice.

**Anthony J. DeGirolamo, Esq.**
**3930 Fulton Drive NW, Suite 100B**
**Canton, Ohio 44718**
**Facsimile No. (330) 305-9713**

**Office of the United States Trustee**
**Howard Metzenbaum Courthouse**
**201 Superior Avenue E, Suite 441**
**Cleveland, Ohio 44114-2301**
**Facsimile No. (216) 522-7193**

**Jay Wagner, Esq.,**
**Wagner Law Firm,**
**P.O. Box 576,**
**Galion, Ohio 44833**
**Facsimile No. (216) 462-5058**

If no objection is filed and served in the manner described above, the Court may grant the relief requested in the Sale Motion without further notice or hearing.

Dated: March ___, 2016

Respectfully submitted,

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
3930 Fulton Drive NW, Suite 100B
Canton, Ohio 44718
Telephone: (330) 305-9700
Facsimile: (330) 305-9713
E-mail: ajdlaw@sbcglobal.net

PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION

58969

4