**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 10:03 AM April 15, 2016**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CANTON**

---------------------------------------------------------x
In re:                                   :    Case No. 16-60607
                                         :
THOUGHTWIRE MEDIA, LLC[1]                :    Chapter 11
                                         :
                                         :    Judge Russ Kendig
                                         :
      Debtor and                       :
      Debtor-in-Possession.            :
                                         :
(Employer Tax I.D. No. 27-3153003)       :
---------------------------------------------------------x

**ORDER GRANTING DEBTOR'S AMENDED MOTION FOR AN ORDER APPROVING
BIDDING PROCEDURES REGARDING DEBTOR'S PROPOSED SALE OF
SUBSTANTIALLY ALL OF ITS ASSETS FREE
AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND
THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
<u>CONTRACTS AND UNEXPIRED LEASES</u>**

      This matter coming before the Court on the Debtor's Amended Motion for an Order

Approving Bidding Procedures Regarding Debtor's Proposed Sale of Substantially All of its

---

[1] The Debtor also used the following business names: VPS6; Thoughtwire Hosting; Thoughtwire Marketing; Thoughtwire Mobile; and Websites.

Assets Free and Clear of Liens, Claims, Encumbrances, and Interests and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Docket No. 24 filed by the above-captioned debtor and debtor in possession (the "Debtor") and the Objection thereto filed by Investment Guidance Systems LLC, Docket No. 50; the Court having reviewed the Motion and the Objection; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 157; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of the Debtor's chapter 11 case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules; (d) notice of the Motion was sufficient under the circumstances; and (e) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion shall be, and hereby is, GRANTED and the Objection is OVERRULED to the extent and as set forth herein.

2. Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

3. Sales of the Debtor's property authorized by separate order of the Court shall be made pursuant to the procedures (the "Bidding Procedures") set forth on Exhibit A attached hereto.

4. The rights, if any, of the Debtor's creditors to bid at the auction of any property pursuant to section 363(k) shall not be impaired by the entry of this Order and the entry of an order approving the Debtor's motion for approval of the sale of its property and all parties in interest's rights to object to such credit bid(s) is expressly reserved.

5. The Debtor shall seek court approval of the retention of Furlow Consulting, LLC ("Furlow") to assist in the marketing of the Debtor's assets or other marketing mutually agreeable to the Office of the United States Trustee.[2] The Debtor's marketing efforts shall include the following:: Furlow adding the Debtor's assets, including a copy of the Bidding Procedures, to its weekly email list sent out Wednesday each week to 2,000 subscribers and the Debtor's assets will be listed on MergerNetwork, as well as other websites and affiliate brokers in Canada.

6. The Bidding Procedures attached hereto as Exhibit A is approved in all respects sufficient notice pursuant to section 363 of the Bankruptcy Code and Rule 6004 of the Federal Rule of Bankruptcy Procedures.

**IT IS SO ORDERED.**

# # #

PREPARED BY:

Anthony J. DeGirolamo (0059265)
Selena E. DeGirolamo (0092050)
3930 Fulton Dr., Ste. 100B
Canton, Ohio 44718
Telephone: (330) 305-9700
Facsimile: (330) 305-9713
E-mail: ajdlaw@sbcglobal.net
        sedlaw@sbcglobal.net

PROPOSED COUNSEL FOR THE
DEBTOR AND DEBTOR IN POSSESSION

---

[2] The entry of this order does not constitute this Court's approval of the Debtor's retention of Furlow or any professional fees in connection therewith. The Debtor shall file the appropriate pleading seeking this Court's authorization to retain Furlow.

REVIEWED BY:

/s/ Tiiara N.A. Patton
Tiiara N. A. Patton (NYS 4261798)
Trial Attorney, United States Department of Justice
United States Department of Justice
Office of the United States Trustee
Howard Metzenbaum U.S. Courthouse
201 Superior Avenue E, Suite 441
Cleveland, Ohio 44114
Telephone: 216-522-7800, ext. 250
Facsimile: 216-522-7193
Email: tiiara.patton@usdoj.gov

**EXHIBIT A**

125319

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CANTON

------------------------------------------------------------x
In re:                                          : Case No. 16-60607
                                                :
THOUGHTWIRE MEDIA, LLC[1]                       : Chapter 11
                                                :
                                                : Judge Russ Kendig
                                                :
         Debtor and                              :
         Debtor-in-Possession.                   :
                                                :
(Employer Tax I.D. No. 27-3153003)              :
------------------------------------------------------------x

**NOTICE OF (I) DEBTOR'S PROPOSED SALE OF SUBSTANTIALLY ALL OF ITS ASSETS AND ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO AND (II) OPPORTUNITY TO BID TO PURCHASE THE DEBTOR'S ASSETS PURSUANT TO COMPETITIVE BIDDING PROCEDURES**

TO ALL PARTIES IN INTEREST AND PROSPECTIVE BIDDERS:

PLEASE TAKE NOTICE THAT the above captioned debtor and debtor in possession (the "Debtor") has filed its Motion for Order Authorizing (I) the Sale of Substantially All of Its Assets, Free and Clear of Liens, Claims, Encumbrances, and Interests and (II) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (the "Sale Motion") pursuant to 11 U.S.C. §§ 363(b) and (f) and 365 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the Bankruptcy Code").

**ASSETS TO BE SOLD**

The Debtor proposes to sell all, or substantially all, of its assets at the following location: 1669 Lexington Avenue, Suite B, Mansfield, Ohio 44907, all of which, taken together, constitute all of the Debtor's assets including but not limited to equipment and accounts receivable (the "Sale Assets"). The Debtor further proposes to assume and assign certain executory contracts and unexpired leases (the "Assumed Contracts") associated with the Sale Assets. The Assumed Contracts to be assumed and assigned to the winning bidder pursuant to its winning bid shall be identified by the Debtor prior to the Sale Hearing (as defined below).

The Debtor will seek court approval of its retention of Furlow Consulting, LLC as broker for its assets. You may contact M. Eric Furlow, Furlow Consulting LLC, 362 Gulf Breeze Parkway, Suite 202, Gulf Breeze, Florida 32561, Telephone: 850-982-8102, for more information about the Debtor's assets.

---

[1] The Debtor also used the following business names: VPS6; Thoughtwire Hosting; Thoughtwire Marketing; Thoughtwire Mobile; and Websites.

### SALE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

Pursuant to sections 363(b) and (f) of the Bankruptcy Code, and subject to any orders entered by this Court with regard to bidding procedures, the Debtor will seek authority to sell all of its right, title, and interest in the Sale Assets to the Qualified Bidder (as defined below) submitting the highest and best Qualified Bid (as defined below) in accordance with the Bidding Procedures (as defined below), free and clear of any liens, claims, encumbrances, and other interests, with all liens, claims, encumbrances, and interests to attach to the proceeds of such sale.

### AUCTION, BIDDING PROCEDURES, AND SALE HEARING

### The Auction

In the event the Debtor receives more than one Qualified Bid, the Debtor shall conduct an auction (the "Auction") for all of the Sale Assets. The Auction shall take place on May 4, 2016, commencing at 10:00 a.m., at the offices of Anthony J. DeGirolamo, Esq., 3930 Fulton Drive NW, Suite 100B, Canton, Ohio 44718. Only parties submitting Qualified Bids (a "Qualified Bidder") shall be permitted to participate in the Auction.

### The Bidding Procedures

To become a qualified bid (a "Qualified Bid"), a bid must comply with the following requirements (the "Bidding Procedures"):[2]

a. A Qualified Bid must:

   i. be submitted, on or before 3:00 p.m. (EDT) April 29 2016, to Anthony J. DeGirolamo, Esq., 3930 Fulton Drive NW, Suite 100B, Canton. Ohio 44718, facsimile number (330) 305-9713, in the form of a written offer to purchase all or part of the Sale Assets together with the form of Asset Purchase Agreement to be provided by the Debtor to all interested bidders, with copies of the same to Jay Wagner, Esq., Wagner Law Firm, P.O. Box 576, Galion, Ohio 44833, duly executed by the bidder. Any bidder may obtain a copy of the Qualified Bid, including the Asset Purchase Agreement by request therefore to Anthony J. DeGirolamo at the address and contact information below;

   ii. include a cashier's check in the amount of $35,000 (the "Deposit"), which cashier's check shall be made payable to the Debtor and delivered with the original of such bid. Except for the Deposit of the bidder whose bid is ultimately approved by the Court, and the Deposit of the bidder making the second highest and best bid, all Deposit checks will be returned upon the entry of an order of the Court approving the sale of all or less than all of the Sale Assets contained in the bid (the "Sale Order"). The winning bidder must deposit an additional 5% ("Winning Deposit") with the Debtor within 24 hours of entry of the Sale Order. The deposits of the winning bidder, including the initial Deposit and the Winning Deposit, shall be deposited into an interest-bearing escrow account pending closing of the sale transaction; the Deposit of the bidder making the second highest and best offer shall be held for ten

---

2   See table of relevant dates attached hereto.

58969

> > business days in an interest bearing account and such bidder shall be bound by the terms of its offer for such ten business days; and
>
> > iii. include evidence satisfactory to the Debtor of the bidder's financial ability to consummate its acquisition of any of the Sale Assets.
>
> b. A Qualified Bid must include, if appropriate, copies of any proposed ancillary agreements to be entered into between the Qualified Bidder and the Debtor or any person or entity affiliated with any of the Debtor.
>
> c. Before 4:00 p.m. on May 2, 2016, the Debtor shall file with the Court and provide a copy to the United States Trustee a notice that identifies any bids that were submitted and were determined by the Debtor to not be a Qualified Bid ("<u>Notice of Rejected Bids</u>"). <u>The Notice of Rejected Bids shall include the identity of the bidder, the amount of the bid submitted</u>, a summary of terms of the bid submitted and the reason the Debtor determined that the bid was not a Qualified Bid.
>
> d. The Debtor shall consult with any official committee appointed in this case on Qualified Bids, the Auction, determination of winning bid and all other matters related to the proposed sale.
>
> e. In the event one or more Qualified Bids acceptable to the Debtor are submitted, the Debtor shall conduct the Auction on May 4, 2016 at 10:00 am at the office of Anthony J. DeGirolamo, Esq., 3930 Fulton Drive NW, Suite 100B, Canton. Ohio 44718The Auction shall take place by open bidding and will be presided over by the Debtor pursuant to the Bidding Procedures. Bidding at the Auction Sale shall be limited to those persons or entities who constitute Qualified Bidders. Commencing with the highest and best Qualified Bid submitted by one or more Qualified Bidder(s) as determined by the Debtor, and after consultation with the Lender, the first competing bid must equal or exceed the highest purchase price value by at least 5%, with every bid thereafter to increase in increments of at least $20,000.
>
> f. Upon completion of the Auction, the Debtor shall; (i) file a notice of the winning bidder with the Court the day after the auction; and (ii) present the winning Qualified Bid(s) to the Court at the Sale Hearing. The notice shall be accompanied by the proposed purchase agreement and sale order and shall be served by fax, email, or (if neither is available) fed ex to all counterparty whose contracts are to be assumed and assigned.
>
> g. A Qualified Bid must provide that it is subject to no further due diligence.
>
> h. A Qualified Bid may not be subject to any financing contingency.
>
> i. A Qualified Bid must state that the offeror is prepared to consummate the transaction within two business days of the date of the Sale Order, it being understood that the Debtor will request that the Court order that the temporary stay otherwise imposed by Rule 6004(g) of the Federal Rules of Bankruptcy Procedure be lifted with respect to the Sale Order.
>
> j. Unless the offeror has previously executed a confidentiality agreement with the Debtor, a Qualified Bid must be accompanied by an executed confidentiality agreement with the Debtor, the form of which is available from Debtor's counsel.

k.  A Qualified Bid must state that the offeror expressly consents to the jurisdiction of the U.S. Bankruptcy Court, Northern District of Ohio, Eastern Division, and that all disputes concerning the sale of the Sale Assets shall be resolved by that Court.

l.  Any secured party wishing to exercise its rights under 11 U.S.C. § 363(k) to credit bid its claim must file a notice of its intent to credit bid, and serve such notice so as to be received by the Debtor's counsel, no later than 3:00 p.m. (EDT), April 29, 2016. These procedures shall neither constitute a legal determination regarding the extent of a secured party's right to credit bid under section 363(k) nor preclude the Court from determining that cause exists for entry of an order barring credit bids, and all parties in interests' rights to object to a credit bid are expressly reserved. Such determinations <u>may</u> be made at any time prior to or contemporaneous with entry of the Sale Order. Notwithstanding the foregoing, any secured party shall not be precluded from submitting a collective credit bid in which substantially all secured parties participate. Any secured party that files a notice of intent to credit bid is obligated to comply with these bidding procedures, other than paragraphs a(ii) and (iii), c, d, k, and l.

m.  In the event a sale of all or part of the Sale Assets to the Qualified Bidder(s) making the highest and best offer does not close, it shall forfeit its Deposits, and the Debtor may proceed to sell all or part of the Sale Assets to the Qualified Bidder(s) whose offer was determined to be the second highest and best offer.

n.  The Debtor may establish such other rules of bidding as may be necessary for the Auction process itself and to facilitate efficient bidding at the Auction, before any bidding commences.

### APPOINTMENT OF CONSUMER PRIVACY OMBUDSMAN

If pursuant to 11 U.S.C. § 363(b)(1), the Debtor in connection with the proposed sale intends to sell personally identifiable information about individuals ("<u>PII</u>"), and has a policy in effect on the petition date that prohibits the transfer of the PII, then the United States Trustee appoint a consumer privacy ombudsman (the "<u>Ombudsman</u>") in accordance with 11 U.S.C. § 332(a) no later than the date that is seven (7) days before the Sale Hearing. If appointed, the Ombudsman shall (i) perform the functions set forth in 11 U.S.C. § 332(b) and (ii) at all times comply with 11 U.S.C. *§* 332(c). The Ombudsman shall be compensated pursuant to 11 U.S.C. *§* 330 upon approval by the Court of a request for compensation.

### THE SALE HEARING

The Court will hold a hearing (the "Sale Hearing") on the Sale Motion on May 5, 2016, at 10:00 a.m. before the Honorable Russ Kendig, in the United States Bankruptcy Court, 401 McKinley Avenue SW, Canton, Ohio 44702. At the Sale Hearing, the Debtor shall seek approval of the proposed sale of the Sale Assets.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Sale Motion must be filed with the Court and served upon the following so as to be received no later than 10:00 a.m.. May 5, 2016.

**Anthony J. DeGirolamo, Esq.**
**3930 Fulton Drive NW, Suite 100B**
**Canton, Ohio 44718**
**Facsimile No. (330) 305-9713**

58969

**United States Department of Justice
Office of the United States Trustee
Attn: Tiiara N. A. Patton, Esq.
Howard Metzenbaum Courthouse
201 Superior Avenue E, Suite 441
Cleveland, Ohio 44114-2301
Facsimile No. (216) 522-7193**

**Jay Wagner, Esq.,
Wagner Law Firm,
P.O. Box 576,
Galion, Ohio 44833
Facsimile No. (216) 462-5058**

If no objection is filed and served in the manner described above, the Court may grant the relief requested in the Sale Motion without further notice or hearing.

Dated: April __, 2016                                Respectfully submitted,

                                                      /s/ Anthony J. DeGirolamo
                                           Anthony J. DeGirolamo (0059265)
                                           3930 Fulton Drive NW, Suite 100B
                                           Canton, Ohio 44718
                                           Telephone: (330) 305-9700
                                           Facsimile: (330) 305-9713
                                           E-mail: ajdlaw@sbcglobal.net

                                           PROPOSED COUNSEL FOR DEBTOR
                                           AND DEBTOR IN POSSESSION

TABLE OF RELEVANT DATES

| EVENT | DATE |
|---|---|
| Bid Submission Deadline | 4/29/2016 before 3:00 p.m. |
| Credit Bid Submission Deadline | 4/29/2016 before 3:00 p.m. |
| Notice of Rejected Bids | 5/2/2016 by 4:00 p.m. |
| Auction | 5/4/2016 at 10:00 a.m. |
| Deadline for Objecting to Sale | 5/5/2016 at 10:00 a.m. |
| Hearing on Sale Motion | 5/5/2016 at 10:00 a.m. |
| | |